| | |
|---|---|
| 1 | **SMITH KRIVOSHEY, PLLC** |
| 2 | Yeremey O. Krivoshey (State Bar No. 295032)<br>E-Mail: yeremey@skclassactions.com |
| 3 | 166 Geary Street, Ste. 1500-1507<br>San Francisco, CA 94108 |
| 4 | Phone: 415-839-7000 |
| 5 | **SMITH KRIVOSHEY, PLLC**<br>Joel D. Smith (State Bar No. 244902) |
| 6 | E-Mail: joel@skclassactions.com<br>867 Boylston Street, 5th Floor, Ste. 1520 |
| 7 | Boston, MA 02116<br>Phone: 617-377-7404 |
| 8 | *Attorneys for Plaintiff* |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KYLE RASHLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>QUOTELAB, LLC d/b/a MEDIAALPHA, a Delaware and California limited liability company,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>DECLARATORY AND PERMANENT INJUCTIVE RELIEF REQUESTED<br><br>JURY TRIAL DEMANDED |

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

Plaintiff Kyle Rashley ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action against Defendant QuoteLab, LLC d/b/a MediaAlpha ("Defendant") pursuant to the private right of action provisions in the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. §§ 227(b)(3) and (c)(5), the Florida Telephone Solicitation Act (the "FTSA"), Fla. Stat. § 501.059(10)(a), and the Florida Telemarketing Act (the "FTA"), Fla. Stat. § 501.625.[1] On personal knowledge, investigation of counsel, and on information and belief, Plaintiff alleges as follows:

## NATURE OF THE ACTION

1. Starting in January 2025, Defendant made at least nine prerecorded telemarketing calls and sent at least three telemarketing text messages to Plaintiff's personal cellular telephone for the purpose of selling health insurance products. Defendant made these prerecorded calls and sent these text messages despite Plaintiff having registered his telephone number on the national do-not-call registry almost three years prior on February 20, 2022. Defendant also placed more than three commercial telephone solicitations in a 24-hour period on the same subject matter.

2. Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to Defendant's conduct in negligently, knowingly, and/or willfully initiating more than one telemarketing telephone call/text within a 12-month period, and more than three telemarketing telephone calls/text within a 24-hour period, to Plaintiff and class members on their residential telephone lines which have been registered on the national do-not-call registry, without prior express consent, and with the use of an artificial or prerecorded voice to deliver telemarketing messages, in violation of 47 U.S.C. § 227(c), 47 C.F.R. § 64.1200(c)(2), and Fla. Stat. §§ 501.059(8)(a) and 501.616.

---

[1] The FTSA, Fla. Stat. § 501.059 *et seq.*, and the FTA, 501.601 *et seq.*, are collectively referenced herein as the "FTCPA."

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED                    1

## PARTIES

3. Plaintiff is an individual residing in West Palm Beach, Florida.

4. Defendant is a for-profit limited liability company organized under the laws of Delaware with its principal place of business and headquarters located at 700 South Flower Street, Suite 640, Los Angeles, California 90017, which is in this District.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff brings this action pursuant to 47 U.S.C. § 227 et seq.

6. This Court has supplemental jurisdiction over Plaintiff's FTCPA claims pursuant to 28 U.S.C. § 1367 because such claims form part of the same case or controversy as Plaintiff's TCPA claim and all of Plaintiff's claims arise out of a common nucleus of operative fact.

7. This Court has jurisdiction over Defendant because its principal place of business is in this District and because the challenged calls and text messages at the heart of this case were directed by Defendant from California.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District and is subject to the Court's personal jurisdiction with respect to this action.

## TCPA BACKGROUND

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy . . . ." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

A. Artificial or Prerecorded Voice Calls

10. Among other things, the TCPA prohibits "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED                    2

deliver a message without the prior express consent of the called party. . . ." 47 U.S.C. § 227(b)(1)(B).

11. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.

12. The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

B. The National Do-Not-Call Registry

13. 47 U.S.C. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

14. The national do-not-call registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2).

15. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

16. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the national do-not-call registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

17.  The FCC has issued rulings clarifying that in order to obtain an individual's consent to receive telemarketing calls for purposes of the TCPA, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

C.   Florida TCPA Background

18.  Florida's FTSA and FTA are in many ways broader than the federal TCPA, providing even stronger protections to recipients of telemarketing calls in Florida than the TCPA.

19.  Like the TCPA, the FTCPA prohibits making telemarketing calls and text messages to persons that requested to not be called or texted in the future: "A telephone solicitor or other person may not initiate an outbound telephone call, text message, or voicemail transmission to a consumer, business, or donor or potential donor who has previously communicated to the telephone solicitor or other person that he or she does not wish to receive an outbound telephone call, text message, or voicemail transmission." § 501.059(5).

20.  Further, the FTCPA is broader than the TCPA in its definition of the types of telephone systems through which telemarketers are not allowed to place any solicitation calls without prior express consent. The FTCPA provides that a "person may not make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection and dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." § 501.059(8)(a). Unlike the TCPA, there is no mention of random number generation, and it is not required under the FTCPA for an autodialer to use a

random or sequential number generator. As alleged herein, Defendant used a recorded message to call Plaintiff and class members.

21. Under the FTCPA, "[t]here is a rebuttable presumption that a telephonic sales call made to any area code in [Florida] is made to a Florida resident or to a person in [Florida] at the time of the call." § 501.059(8)(d).

22. The FTCPA allows Plaintiff and class members to recover actual damages or $500, whichever is greater, and allows a court to treble the award if it finds the violation was knowing or willful. § 501.059(10)(a), (10)(b). The FTCPA also provides for recovery of attorney fees and costs to the prevailing party. § 501.059(11)(a).

23. The FTCPA also states "a commercial telephone seller or salesperson making a commercial telephone solicitation call may not: (a) Intentionally act to prevent transmission of the telephone solicitor's name or telephone number to the party called when the equipment or service used by the telephone solicitor is capable or creating and transmitting the telephone solicitor's name or telephone number. (b) Use technology that deliberately displays a different caller identification number than the number the call is originating from to conceal the true identity of the caller. A commercial telephone seller or salesperson who makes a call using such technology commits a misdemeanor of the second degree." § 501.616(7)(a), (7)(b). As discussed herein, Defendant routinely spoofs and conceals the number from which it is calling, and often conceals its name from call recipients' caller IDs.

24. Finally, the FTCPA prohibits commercial telephone sellers or salespeople from making "more than three commercial telephone solicitation calls from any number to a person over a 24-hour period on the same subject matter or issue, regardless of the phone number used to make the call." § 501.616(6)(b). For violations of § 501.616, the FTCPA allows Plaintiff and class members to recover "actual damages and/or punitive damages, including costs, court costs, and

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED                5

attorney's fees" in addition to "any other penalties or remedies provided under law."

## FACTUAL ALLEGATIONS

25. Defendant is a "person" as the term is defined by 47 U.S.C. § 153(39).

26. Defendant is a for-profit online insurance marketplace and agency that purports to connect consumers with agents and companies offering a wide range of insurance products, including auto, home, health, and life insurance.[2]

27. Defendant operates several websites for the purpose of selling insurance products and/or generating leads for other insurance companies, including www.DirectHealthInsurance.com, www.ObamacarePlans.com, and www.QuoteLab.com.

28. At the bottom of the main landing page for www.DirectHealthInsurance.com, it says, "DirectHealthInsurance.com is operated by QuoteLab, LLC, which is an independent broker and is not a federal or state insurance Marketplace or other website." *See* **Exhibit A**, p. 2. It goes on to say, "[t]his website is owned and operated by QuoteLab, LLC . . . ." and "[i]nvitations for application for health insurance are made through QuoteLab, LLC . . . ." *Id*.

29. At the bottom of the main landing page for www.ObamacarePlans.com, it says, "ObamacarePlans.com is operated by QuoteLab, LLC, which is an independent broker and is not a federal or state insurance Marketplace or other website." *See Id*., p. 3. It goes on to say, "[t]his website is owned and operated by QuoteLab, LLC . . . ." and "[i]nvitations for application for health insurance are made through QuoteLab, LLC . . . ." *Id*.

---

[2] *See* https://www.quotelab.com/about-us.html (last visited June 16, 2025).

30. At the bottom of the main landing page for www.QuoteLab.com, it says, "QuoteLab is a leading online auto and home insurance marketplace connecting consumers with agents and companies . . . ." *See Id.*, p. 4.

31. Under the name MediaAlpha, Defendant also operates a technology-driven digital advertising company specializing in customer acquisition solutions for the insurance industry. Defendant enables advertisers to buy clicks, calls, and leads from insurance publishers with the goal of optimizing customer acquisition strategies and maximizing profitability.

32. In the Terms of Use on the main landing page for www.mediaalpha.com, it says, "[t]he terms 'we,' 'us,' 'our,' 'QuoteLab,' or 'MediaAlpha' refer to QuoteLab, LLC and its subsidiaries and affiliates." *See Id.*, p. 5.

33. Upon information and belief, Defendant makes direct telemarketing calls and sends text messages to contact potential customers.

34. At no point has Plaintiff sought out or solicited information regarding Defendant's insurance products prior to receiving the telemarketing calls and text messages at issue.

35. Plaintiff has never consented in writing, or otherwise, to receive telemarketing calls/texts from Defendant. Plaintiff has never provided Defendant with his telephone number.

36. Plaintiff's cellular telephone number, 561-XXX-8422, is a residential telephone line.

37. Plaintiff added this telephone number to the national do-not-call registry on February 20, 2022.

38. Despite this, Plaintiff received at least nine prerecorded telemarketing calls and at least three telemarketing text messages from Defendant between January 15, 2025 and March 24, 2025.

39. For each of the nine telephone calls, Defendant used a Caller-ID spoofing function to make it appear the call was local. Plaintiff's Caller-ID showed two telephone numbers beginning with a 561 area code, matching Plaintiff's personal cellular telephone's area code. Spoofing phone numbers to appear local is a frequent technique used by telemarketers to increase the chances that the consumer answers the call, tricking them into thinking they are getting a local call.

40. Specifically, Defendant called Plaintiff's telephone number from the number 561-944-5776 at least once on January 15, 2025, at least five times on March 3, 2025, and at least twice on March 24, 2025. *See* Plf.'s Screenshots, attached hereto as **Exhibit B**. Defendant also called Plaintiff's telephone number from the number 561-944-7471 at least once on February 17, 2025.

41. After at least five of these calls, Defendant left a prerecorded voicemail message. *See id.*, pp. 8-9, 11, 13-17, 19, 21. The repetitive nature and context of these messages establish Defendant utilizes prerecorded messages to deliver telemarketing to consumers as soon as a connection with a telephone line is made. *See id.* In the voicemails, Defendant identified itself as either DirectHealthInsurance.com or ObamacarePlans.com and claimed to be calling "to help you find the best plan available that fits your needs." *See id*. The text messages Plaintiff received directly advertised Defendant's insurance platform DirectHealthInsurance.com. *See id.*, pp. 4-5.

42. The calls, prerecorded voicemails, and text messages Plaintiff received were explicit solicitations by Defendant regarding Defendant's insurance products and services.

43. Plaintiff alleges direct liability because Defendant was the entity that made the calls and sent the text messages to Plaintiff.

44. Around the time of these calls and text messages, Plaintiff was not in the market for or researching insurance products on the internet, in person, or

otherwise. Plaintiff has never interacted with Defendant in any manner, other than through the receipt of the above telemarketing calls and text messages. Plaintiff did not consent to receiving these calls and text messages.

45. Plaintiff and all members of the class defined below have been harmed by the acts of Defendant because their privacy has been violated and they were subjected to annoying and harassing calls that constitute a nuisance. The calls also occupied Plaintiff's and class members' telephone lines, used up their time, prevented them from receiving legitimate communication, and interfered with their use of their telephones for legitimate purposes.

46. Punitive and treble damages are warranted in this case because of Defendant's brazen disregard for federal and Florida law regarding telephone solicitation.

## CLASS ACTION ALLEGATIONS

47. As authorized by Fed. R. Civ. P. 23(b)(2) or (b)(3), Plaintiff bring this action seeking injunctive relief and money damages on behalf of himself and on behalf of all other persons similarly situated throughout the United States.

48. Plaintiff proposes the following class definitions, subject to amendment as appropriate:

> **National Do-Not-Call Registry Class**: All persons in the United States (a) whose numbers are listed on the national do-not-call registry; (b) and who received two or more telemarketing calls/texts within any 12-month period from Defendant to their residential telephone number 31 or more days after the telephone number was listed on the national do-not-call registry; (c) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated (the "Class Period").

**Prerecorded Call Class**: All persons in the United States who (a) received a non-emergency telephone call/test; (b) on his or her cellular telephone or residential telephone line; (c) from Defendant; (d) for whom Defendant had no record of the owner of subscriber of the telephone number providing the telephone number to Defendant for the purpose of making calls using an artificial or prerecorded voice; (e) and such phone call was made with the use of an artificial or prerecorded voice; (f) at any time during the Class Period.

**Florida Telemarketing Class**: All Florida residents who received a telephonic sales call from Defendant using an automated system for the selection and dialing of telephone numbers at any time during the Class Period, and for whom Defendant does not possess a written agreement that (1) bears the signature of the called party, (2) clearly authorizes Defendant to place telephonic sales call using an automated system for the selection and dialing of telephone numbers, (3) includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered, and (4) includes a clear and conspicuous disclosure informing the called party that (a) by executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection and dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and (b) he or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

49. Plaintiff represents, and is a member of, the proposed classes. Excluded from the classes are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any person who made a transaction with Defendant in the preceding 18 months before receiving a telemarketing call/text, any person who has executed a signed, written agreement between the person and Defendant which states that the person agrees to be contacted by Defendant and includes the telephone number to which the calls may be placed, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

50. **Numerosity.** The potential members of the proposed classes likely number at least in the hundreds because of the *en masse* nature of telemarketing calls and text messages. Individual joinder of these persons is impracticable.

51. **Existence and predominance of common questions of law and fact.** Plaintiff and all members of the proposed classes have been harmed by the acts of Defendant, including, but not limited to, multiple involuntary telephone and electrical charges, the invasion of their privacy, aggravation, annoyance, waste of time, the intrusion on their telephone that occupied it from receiving legitimate communications, and violations of their statutory rights.

52. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

53. The members of the classes, as defined above, are identifiable through telephone records and telephone number databases.

54. There are well defined and nearly identical questions of law and fact common to Plaintiff and members of the proposed classes. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed class. These common questions of law and fact include, but are not limited to, the following:

      (a)      Whether Defendant systematically made multiple telemarketing telephone calls/texts to members of the proposed classes;

      (b)      Whether Defendant utilized artificial and/or prerecorded voice to deliver telemarketing messages to members of the proposed classes;

      (c)      Whether Defendant made calls and sent text messages to members of the proposed classes without first obtaining prior express written consent to make the calls/texts; and

      (d)      Whether members of the proposed classes are entitled to treble damages and/or punitive damages based on the willfulness of Defendant's conduct.

55. **Typicality.** Plaintiff's claims are typical of the claims of the proposed class members because they arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories. Specifically, the proposed class members are all persons who received telemarketing calls or text messages on their telephones without their prior express written consent. Plaintiff is a member of the proposed classes and will fairly and adequately represent and protect the interests of the proposed classes as he has no interests that conflict with any of the proposed class members.

56. **Adequacy of Representation.** Plaintiff is an adequate representative of the proposed class because his interests do not conflict with the interests of the proposed class, he will fairly and adequately protect the interests of the proposed class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

57. **Superiority**. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only

1  individual question concerns identification of class members, which will be
2  ascertainable from records maintained by Defendant.

3     58.   A class action is the superior method for the fair and efficient
4  adjudication of this controversy. Class-wide relief is essential to compel
5  Defendant to comply with the TCPA. The interests of individual members of the
6  proposed class in individually controlling the prosecution of separate claims
7  against Defendant are small because the damages in an individual action for
8  violation of the TCPA are small. Management of these claims is likely to present
9  significantly more difficulties than are presented in many class claims. Class
10 treatment is superior to multiple individual suits or piecemeal litigation because it
11 conserves judicial resources, promotes consistency and efficiency of adjudication,
12 provides a forum for small claimants, and deters illegal activities. There will be no
13 significant difficulty in the management of this case as a class action.

14     59.   Defendant acted on grounds generally applicable to the proposed
15 class, thereby making final injunctive relief and corresponding declaratory relief
16 with respect to the proposed class appropriate on a class-wide basis. Moreover, on
17 information and belief, Plaintiff alleges that the telephone solicitation calls made
18 by Defendant that are complained of herein are substantially likely to continue in
19 the future if an injunction is not entered.

**FIRST CAUSE OF ACTION**

**Violations of the TCPA, 47 U.S.C. § 227, et seq.**

**(On Behalf of Plaintiff and the National Do-Not-Call Registry Class)**

23     60.   Plaintiff repeats the prior allegations of this Complaint from
24 paragraphs 1-59 and incorporates them by reference herein.
25     61.   The foregoing acts and omissions of Defendant constitute numerous
26 and multiple violations of the TCPA, by making telemarketing calls, except for
27 emergency purposes, to Plaintiff and members of the proposed National Do-Not-
28 Call Registry Class despite their numbers being on the national do-not-call registry

in violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2).

62. Defendant's violations were willful or knowing.

63. As a result of Defendant's violations, Plaintiff and members of the proposed National Do-Not-Call Registry Class are entitled to treble damages of up to $1,500 for each call made in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5).

64. Plaintiff and the members of the proposed National Do-Not-Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to telephone numbers registered on the national do-not-call registry, except for emergency purposes, in the future pursuant to 47 U.S.C. § 227(c)(5)(A).

65. Plaintiff and members of the proposed National Do-Not-Call Registry Class are also entitled to an award of attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### Violations of the TCPA, 47 U.S.C. § 227, *et seq.*

**(On Behalf of Plaintiff and the National Do-Not-Call Registry Class)**

66. Plaintiff repeats his prior allegations of this Complaint from paragraphs 1-59 and incorporates them by reference herein.

67. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the proposed National Do-Not-Call Registry Class despite their numbers being on the national do-not-call registry in violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2).

68. As a result of Defendant's violations, Plaintiff and members of the proposed National Do-Not-Call Registry Class are entitled to an award of $500 in statutory damages for each call made in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5).

69. Plaintiff and the members of the proposed National Do-Not-Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to telephone numbers registered on the national do-not-call registry, except for emergency purposes, in the future pursuant to 47 U.S.C. § 227(c)(5).

70. Plaintiff and members of the proposed National Do-Not-Call Registry Class are also entitled to an award of attorneys' fees and costs.

## THIRD CAUSE OF ACTION

### Violations of the TCPA, 47 U.S.C. § 227, *et seq.*

### (On Behalf of Plaintiff and the Prerecorded Call Class)

67. Plaintiff repeats his prior allegations of this Complaint from paragraphs 1-59 and incorporates them by reference herein.

68. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, by initiating calls to Plaintiff and members of the proposed Prerecorded Call Class using an artificial or prerecorded voice without their prior express consent in violation of 47 U.S.C. § 227(b)(1)(B).

69. Defendant's violations were willful or knowing.

70. As a result of Defendant's violations, Plaintiff and members of the proposed Prerecorded Call Class are entitled to treble damages of up to $1,500.00 for each call made in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

71. Plaintiff and members of the proposed Prerecorded Call Class are also entitled to and do seek injunctive relief prohibiting Defendant from such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A).

72. Plaintiff and members of the proposed Prerecorded Call Class are also entitled to an award of attorneys' fees and costs.

# FOURTH CAUSE OF ACTION

## Violations of the TCPA, 47 U.S.C. § 227, *et seq.*

### (On Behalf of Plaintiff and the Prerecorded Call Class)

73. Plaintiff repeats his prior allegations of this Complaint from paragraphs 1-59 and incorporates them by reference herein.

74. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, by initiating calls to Plaintiff and members of the proposed Prerecorded Call Class using an artificial or prerecorded voice without their prior express consent in violation of 47 U.S.C. § 227(b)(1)(B).

75. As a result of Defendant's violations, Plaintiff and members of the proposed Prerecorded Call Class are entitled to an award of $500.00 in statutory damages for each call made in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

76. Plaintiff and members of the proposed Prerecorded Call Class are also entitled to and do seek injunctive relief prohibiting Defendant from such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A).

77. Plaintiff and members of the proposed Prerecorded Call Class are also entitled to an award of attorneys' fees and costs.

# FIFTH CAUSE OF ACTION

## Violations of Fla. Stat. § 501.059(8)(a)

### (On Behalf of Plaintiff and the Florida Telemarketing Class)

78. Plaintiff repeats his prior allegations of this Complaint from paragraphs 1-59 and incorporates them by reference herein.

79. The FTCPA provides that a "person may not make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection and dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

80. Defendant knowingly and willfully called Plaintiff and members of the Florida Telemarketing Class in violation of Fla. Stat. § 501.059(8)(a) using an automated system for the selection and dialing of telephone numbers and using a recorded message when a connection was completed. Further, for Plaintiff and members of the Florida Telemarketing Class, Defendant does not possess a written agreement that (1) bears the signature of the called party, (2) clearly authorizes Defendant to place telephonic sales call using an automated system for the selection and dialing of telephone numbers, (3) includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered, and (4) includes a clear and conspicuous disclosure informing the called party that (a) by executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection and dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and (b) he or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

81. Plaintiff, individually, and on behalf of the other members of the Florida Telemarketing Class, seeks to recover statutory damages (including treble damages for willful violations), as well as injunctive and equitable relief under § 501.059(10)(a). Plaintiff and the proposed class members also seek to recover attorney's fees and costs under § 501.059(11)(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed class, prays for the following relief:

    a.    Certification of the proposed classes;

    b.    Appointment of Plaintiff as representative of the classes;

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED    17

    c.    Appointment of undersigned counsel as counsel for the classes;

    d.    A declaration that Defendant's actions complained of herein violated the TCPA and/or the FTCPA;

    e.    An order enjoining Defendant from making telemarketing calls to numbers on the national do-not-call registry absent an emergency circumstance;

    f.    An award of damages to Plaintiff and each member of the proposed classes, as allowed by law, including, but not limited to, treble damages of up to $1,500 for each willful or knowing telemarketing call that violated the TCPA and/or the FTCPA and $500 in statutory damages for each telemarketing call or text message that otherwise violated the TCPA and/or the FTCPA;

    g.    An award of attorney fees, expenses, and costs; and

    h.    Orders granting such other and further relief as the Court deems necessary, just, and proper.

## JURY TRIAL DEMANDED

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff requests a jury trial on all issues so triable.

Dated:  June 20, 2025        Respectfully submitted,

                                  /s/   Joel D. Smith

                                **SMITH KRIVOSHEY, PLLC**
Joel D. Smith (State Bar No. 244902)
867 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116
Phone: 617-377-7404
E-Mail:  joel@skclassactions.com

**SMITH KRIVOSHEY, PLLC**
Yeremey O. Krivoshey (State Bar No. 295032)
166 Geary Street, Ste. 1500-1507
San Francisco, CA 94108
Phone: 415-839-7000

---

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED        18

E-Mail: yeremey@skclassactions.com

*Attorneys for Plaintiff*